IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Boston Division

Civil Action No.

| | |
|---|---|
| UNITED STATES OF AMERICA, & </br></br>COMMONWEALTH OF MASSACHUSETTS,</br></br>*Ex rel*</br></br>LINA DACOSTA,</br></br>  Plaintiffs,</br></br>  v.</br></br>NEW COMMUNITY SERVICES, INC., &</br>NUESTRA COMMUNIDAD DEVELOPMENT CORPORATION</br></br>Defendant. | FILED UNDER SEAL PURSUANT TO</br>31 U.S.C. §3730(b)(2) &</br>MASS. G. L. c. 12 §5C</br></br>**DO NOT PLACE IN PRESS BOX**</br></br>**DO NOT ENTER ON PACER**</br></br></br></br></br></br>JURY DEMANDED |

## FALSE CLAIMS ACT COMPLAINT

### Introduction

1. On behalf of the United States of America and the Commonwealth of Massachusetts, Lina DaCosta, relator, brings this action against defendants for treble damages and civil penalties arising from the defendants' false statements and false claims in violation of the federal False Claims Act, 31 U.S.C §§ 3729 *et seq.* and the Massachusetts False Claims Act, Mass. G.L. c. 12 §5A *et. seq.*

2. The defendants routinely bill Medicare and Medicaid (MassHealth) for care

       coordination and social work services they have contracted to provide for disabled residents of their affordable housing programs and for patients of their adult day health programs. Such services have in most cases not been provided.

3. Pursuant to 31 U.S.C. § 3730(b)(2), the relator has submitted to the Attorney General of the United States of America and the United States Attorney for the District of Massachusetts a statement of all material evidence and information related to the complaint. The written disclosure statement is supported by material evidence known to the relator at filing establishing the existence of each defendant's separate false claims.

4. Pursuant to Mass. G. L. 12 §5C, the relator has submitted the same information to the Massachusetts Attorney General for those false claims for which the Commonwealth of Massachusetts is the victim, i.e. the claims involving MassHealth.

## Jurisdiction and Venue

5. This action arises from the False Claims Act, 31 U.S.C. § 3729 *et seq.* and a nearly identical provision in Massachusetts state law. This Federal Court has jurisdiction over the federal claims pursuant to 31 U.S.C. § 3732(a) because the defendants are domiciled in Massachusetts and the proscribed acts occurred in Massachusetts. This Court further has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331, because they are federal claims, and 28 U.S.C. §1345, because they are brought in the name of the United States. This Court has jurisdiction over the state claims

pursuant to 31 U.S.C. §3732(b) and 28 U.S.C. § 1367 because they involve the same transactions as a subset of the federal claims.

6. Venue is proper in this District pursuant to 31 U.S.C. §3732(a) because the acts proscribed by 31 U.S.C. § 3729 *et seq.* and complained of occurred in this District.

## Parties

1. Lina DaCosta is a part-time employee of New Community Services, Inc.

2. New Community Services, Inc. ("NCS") operates adult day health programs and affordable housing programs pursuant to contracts with Nuestra Communidad Development Corporation and/or contracts with the Commonwealth of Massachusetts and the United States of America.

3. Nuestra Communidad Development Corporation ("Nuestra") contracts with the Commonwealth of Massachusetts and the United States of America to provide adult day health and affordable housing programs, for which it is compensated through Medicare and/or Medicaid payments.

4. The United States of America pays for health care services through its Medicare and Medicaid programs. The Medicaid program is known as MassHealth in Massachusetts.

5. The Commonwealth of Massachusetts pays for health care services through Medicaid, known as MassHealth.

## Factual Allegations

6. NCS employed Ms. DaCosta as a social services coordinator for residents and patients of NCS/Nuestra properties in Dorchester, Roxbury, and Cambridge, Massachusetts beginning October 17, 2017.

7. Ms. DaCosta was hired on a minimum 20 hour per week basis, and initially worked 30-40 hours per week.

8. During her employment with NCS, Ms. DaCosta discovered that NCS had not performed care coordination assessments on many residents/patients since at least 2015 and potentially longer. These assessments are required under NCS/Nuestra's agreements with the Commonwealth and the United States in order to ensure that they receive the medical and social services they need, and only those services.

9. Despite not providing the required assessments, Nuestra and/or NCS billed the Commonwealth and/or the United States for these services.

10. When Ms. DaCosta discovered that the assessments had not been done, she contacted the management of NCS and the management of Nuestra to discuss the problems. NCS management instructed her not to pursue the matter further. Additionally, NCS changed Ms. DaCosta's status to on-call. She has not been called for work since November 20, 2017, shortly after reporting that the assessments had not been done.

11. Based on files she reviewed where assessments had not been done, Ms. DaCosta believes that assessments were not done, were done less often than required, for all NCS/Nuestra residents/patients for at minimum the last three years and potentially longer.

### COUNT I
*False Claims to the United States pursuant to 31 U.S.C. 3729 et. seq.*

12. By billing Medicare and Medicaid for services which they had not provided, NCS/Nuestra submitted false claims in violation of 31 U.S.C, 3729 *et. seq*. In the alternative, NCS submitted false claims to Nuestra with the intent that they be submitted to, and paid by, the United States.

4

## COUNT II
### *False Claims to the Commonwealth pursuant to Mass. G.L. c. 12 §5A et. seq.*

13. By billing MassHealth for services not provided, Nuestra/NCS submitted false claims in violation of Mass. G.L. c. 12 §5A *et. seq.* In the alternative, NCS submitted false claims to Nuestra with the intent that they be submitted to, and paid by, the Commonwealth.

## COUNT III
### *Retaliation pursuant to 31 U.S.C. §3730(h)*

14. By changing Ms. DaCosta's status to on-call and not actually calling her for work in response to her reporting the false claims to NCS/Nuestra management, NCS committed illegal retaliation in violation of 31 U.S.C. §3730(h)(1).

## COUNT V
### *Retaliation pursuant to Mass. G.L. c. 12 §5J*

15. By changing Ms. DaCosta's status to on-call and not actually calling her for work in response to her reporting the false claims to NCS/Nuestra management, NCS committed illegal retaliation in violation of Mass. G.L. c. 12 §5J

WHEREFORE, the Ms. DaCosta respectfully requests this Court to:

A. Award her all applicable damages under 31 U.S.C. §3130(h) and Mass. G.L. c. 12 §5J;

B. Award damages to the appropriate plaintiffs for the false claims;

C. Award treble damages for the false claims;

D. Award of penalty of $11,000 per false claim;

E. Award attorneys' fees and costs; and

5

F.    Award any other relief to which any Plaintiff may be entitled.

**<u>RELATOR DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.</u>**

> Respectfully submitted,
>
> LINA DACOSTA
>
> By her attorney,
>
> /s/ P. Long
> _____
>
> Patrick Long
> BBO# 687213
> PATRICK LONG LAW FIRM, PC
> 1452 Dorchester Ave, Fourth Floor
> Dorchester MA 02122
> C: 617-297-7502
> F: 617-463-9459
> patrick@patricklonglaw.com

Dated: February ___, 2018

6